[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against the landlord Simon Konover, against tenant Fleet Bank and against a construction company, Rocwell Builders, for injuries sustained when she came in contact with a clear glass enclosure on the subject premises on September 30, 1994.
The defendant Simon Konover moves for summary judgment on the basis that it, landlord, was not in possession and control of the premises, as Konover had leased the premises to Fleet Bank on June 1, 1994.
The plaintiff's amended complaint states, in the second count, that Konover allowed the tenant Fleet to construct the unmarked clear glass enclosure. The complaint further states in the second count, that the defendant Konover knew that Fleet Bank, its tenant, held itself out as operating a public place of business open to the public.
The lease submitted by the defendant Konover does demonstrate that the premises were leased to Fleet Bank. The affidavit of Simon Konover also offers that the lease provides for Fleet Bank CT Page 10703 to maintain, possess and control the leased premises.
The affidavit, however, verifies that the glass vestibule was constructed in September, 1993, prior to the date of the lease. Hence, the condition would have been in existence when the lease commenced June 1, 1994 and thereafter when the plaintiff was injured on September 30, 1994.
The cause of action against Konover sets forth adequate allegations of fact which, if proven, may bring the claim within the public use exception set forth in the case of Webel v. YaleUniversity, 125 Conn. 515, 522-524 (1939). Although the pleading and the affidavits do not specifically address the requirement that the landlord "has reason to expect that the tenant will not take steps to remedy or guard against injury from the defect" the undisputed fact that the tenant intentionally created the condition many months prior to the commenced date of the lease, with the knowledge and consent of the landlord certainly allows the inference that the landlord had reason to expect that the tenant would not correct the condition.
The affidavits and documents submitted by the defendant Konover do not "show that there is no genuine issues as to any material fact." (Practice Book § 17-49).
The motion for summary judgment is denied.
L. P. Sullivan, J.